United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50146

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SILVESTRE CUELLAR

Defendant - Appellant

_____

Appeal from the United States District Court
for the Western District of Texas
(03-CR-1087)

_____

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:[**]

In our previous opinion in this case, we affirmed Defendant-Appellant's conviction and sentence. See United States v. Cuellar, No. 04-50146, 105 Fed. Appx. 617 (5th Cir. 2004) (per curiam) (unpublished). Following our judgment, Cuellar filed a petition

---

[*] This appeal is being decided by a quorum due to the retirement of Judge Pickering. 28 U.S.C. § 46(d).

[**]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

-1-

for certiorari. The Supreme Court granted Cuellar's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). We now reconsider the matter in light of Booker and decide to reinstate our previous judgment affirming Cuellar's conviction and sentence.

Cuellar raised a Booker-related challenge to his sentence for the first time on direct appeal. Because Cuellar never raised a Booker objection in trial court, however, the claim would fail under the plain-error test discussed in United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005). The district court sentenced Cuellar at the bottom of the guideline range, but gave no indication it would have imposed a lesser sentence had the guidelines been advisory. See United States v. Bringier, 405 F.3d 310 (5th Cir. 2005).

For the reasons stated above, our prior disposition remains in effect, and we REINSTATE OUR EARLIER JUDGMENT affirming Cuellar's conviction and sentence.